UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KESHIA FIELD,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendant. | Case No. |

## COMPLAINT

NOW COMES Plaintiff, KESHIA FIELD ("Plaintiff"), by and through her attorneys, hereby alleging the following against Defendant EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX" or "Defendant"):

**Nature of the Action**

1. This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

**Parties**

2. Plaintiff is a natural person at all times relevant residing in Cascade County, in the City of Great Falls, in the State of Montana.

3. At all times relevant, Plaintiff was a "consumer," as that term is defined by 15 U.S.C. § 1681(a)(c).

4. Defendant EQUIFAX is a company headquartered in Atlanta, Georgia.

5. Defendant EQUIFAX is a "person," as that term is defined by a consumer reporting agency, as that term is defined 15 U.S.C. § 1681a(b).

6. Defendant EQUIFAX is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

7. Defendant EQUIFAX furnishes such consumer reports to third parties under contract for monetary compensation.

8. Defendant EQUIFAX is a "consumer reporting agency" ("CRAs"), as that term is described in 15 U.S.C. § 1681a(f).

9. At all times relevant to this Complaint, Defendant acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**Jurisdiction and Venue**

10. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant resides within this District, and a substantial part of the events or omissions giving rise to the herein claims occurred within this District. Under 28 U.S.C. § 1391(d), since Defendant's principal place of business is within a State with more than one judicial district, Defendant will be deemed to be a resident of any district of this State, as Defendant has contacts sufficient to subject it to personal jurisdiction in each district of this State.

**Facts**

12. Plaintiff is a consumer who is the victim of inaccurate reporting by EQUIFAX regarding a credit account that she had with Capital One, N.A. ("Capital One").

13. Capital One employed Messerli & Kramer P.A. ("Messerli & Kramer") to enter into an agreement with Plaintiff to settle Plaintiff's account with Capital One. Upon information and belief, Messerli & Kramer operated as an agent of Capital One.

14. CRAs, including EQUIFAX, have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

15. Further, CRAs have a duty to conduct a reasonable investigation when notified of disputed information found on a consumer credit report.

16. Further, Furnishers (persons, as that term is defined by 15 U.S.C. 1681a, that furnish information to the CRAs) are prohibited from furnishing information they know or should know is inaccurate.

17. Here, Plaintiff is a victim of inaccurate reporting regarding an account she had with Capital One, an inaccuracy found in the credit report published by Defendant. The following is a description of the inaccuracy and failures of Defendant to investigate and update its reporting of the account in question:

18. On or about May 16, 2024, Plaintiff and Capital One settled an account ending in 5754 (the "Account") for $2,789.00.

19. Per the terms of the settlement agreement, Plaintiff made one (1) payment of $2,789.00 on May 28, 2024, which fully satisfied the settlement agreement and Account.

20. On November 20, 2024, Plaintiff received a copy of her credit report from EQUIFAX.

/ / /

21. To her surprise, despite Plaintiff's performance under the terms of the settlement agreement with Messerli & Kramer, Defendant EQUIFAX reported inaccurate information regarding Plaintiff's Account with Capital One.

22. Specifically, EQUIFAX reported the Account's status as "CHARGE_OFF" and reported a past-due, outstanding balance of $696.00 and a "CO" rating ("CO" meaning "Charge-Off" according to EQUIFAX) appearing until September 2024 even though the Account was paid and settled in May 2024. Further, the report failed to include an accurate history of the payment Plaintiff made to settle the Account.

23. EQUIFAX's failure to report the Account correctly, including its failure to report the accurate status, balance, rating, and payment history on the Account, harmed Plaintiff's credit score and would, at the least, mislead any third party reviewing Plaintiff's credit history.

24. On December 2, 2024, Plaintiff issued a dispute by mail to EQUIFAX regarding the incorrect information being reported on the Account.

25. In her dispute letter, Plaintiff disputed the incorrect entry in her credit report regarding the Account status, balance, rating, and the inaccurate payment history that improperly reflects her settlement payment. Plaintiff also included proof of the agreement between herself and Messerli & Kramer and proof of the payment made in satisfaction of the agreement.

26. Upon information and belief, pursuant to its obligations under the FCRA, EQUIFAX notified Capital One of Plaintiff's dispute within five days of receipt of the dispute.

27. Further, upon information and belief, EQUIFAX would have sent the documentation Plaintiff included in her dispute letter to Capital One, including the terms of the settlement and proof of the payment.

28. Despite her very specific dispute and accompanying documents supporting her dispute, EQUIFAX's second report, received by Plaintiff on January 16, 2025, reiterated similar

4

inaccuracies. This credit report continued to report the Account's status as "CHARGE-OFF" with an outstanding balance of $696.00, a "CO" rating appearing until November 2024, and no change in the reported payment history.

29. At the time of filing this complaint, EQUIFAX continues to report the Account as having a balance owed and inaccurately reports the status, rating, and payment history of the account.

30. Upon information and belief, EQUIFAX continues to report this information because of its failure to conduct a reasonable investigation, including a failure to consider the documentation Plaintiff included in her dispute letter.

31. Further, after receiving Plaintiff's dispute concerning the inaccurate information of the Account, EQUIFAX is required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintained concerning Plaintiff. 15 U.S.C. § 1681e(b).

32. If EQUIFAX had complied with its statutory duties, incorrect information concerning the Account would not have been reported despite notice from Plaintiff.

33. As a result of this conduct and action and inaction of Defendant, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit and suffered mental and emotional distress.

34. Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

35. Because of her concern over the effects Defendant's misreporting has had on her credit, Plaintiff has been unable to apply for or obtain financing to purchase a car or house, despite the fact that Plaintiff has had the financial means to do both.

### COUNT I – EQUIFAX
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

36. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-35.

37. After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

38. EQUIFAX violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EQUIFAX published and maintained concerning Plaintiff.

39. As a result of this conduct, action, and inaction of EQUIFAX, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

40. EQUIFAX's conduct, action, and inaction were willful, rendering Defendant EQUIFAX liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

41. In the alternative, EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

42. Plaintiff is entitled to recover costs and attorneys' fees from EQUIFAX, pursuant to 15 U.S.C. §1681n and/or §1681o.

/ / /

### COUNT II – EQUIFAX
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

43. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-35.

6

44. After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

45. Defendant EQUIFAX violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

46. As a result of this conduct, action, and inaction of EQUIFAX, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

47. EQUIFAX's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

48. In the alternative, Defendant EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

49. Plaintiff is entitled to recover costs and attorneys' fees from Defendant EQUIFAX pursuant to 15 U.S.C. §1681n and/or §1681o.

/ / /

**Prayer For Relief**

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: 06/25/2025                                   Respectfully submitted,

*/s/ Mark A. Carey*
Mark A. Carey
Law Offices of Mark A. Carey, P.C.
500 Roswell Rd. Ste Bldg C
Sandy Springs, GA 30342
P: (716) 853-9243
E: markcareylaw@ymail.com

**Attorneys for Plaintiff,
KESHIA FIELD**